IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER WALLACE,<br><br>          Plaintiff,<br><br>vs.<br><br>WILLIAM R. MATHIAS and HERINGTON LIVESTOCK MARKET, INC.,<br><br>          Defendants. | 4:12-CV-3011<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the "Motion to Dismiss" contained in the "Answer of Defendant William R. Mathias" (filing 25) and the plaintiff's "Motion to Dismiss Counter-Claim" (filing 27). Mathias' motion to dismiss asserts six grounds for dismissal pursuant to Fed. R. Civ. P. 12(b): (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, (4) failure to join a party, (5) the amount in controversy fails to meet the jurisdictional requirement, and (6) failure to state a claim upon which relief can be granted. The plaintiff's motion to dismiss is directed at the "counter-claim" alleged in Mathias' pleading. For the following reasons, the Court denies Mathias' motion to dismiss, and grants the plaintiff's.

  There is little explanation for most of the grounds for dismissal that Mathias asserts. It appears that Mathias' first ground for dismissal, lack of subject-matter jurisdiction, is directed at the existence of a "practice" within the meaning of the Packers and Stockyards Act, 7 U.S.C. § 181 *et seq*. The Packers and Stockyards Act prohibits every "unjust, unreasonable, or discriminatory regulation or practice" in respect to the furnishing of stockyard services. 7 U.S.C. § 208(a). And this Court's jurisdiction is based upon the jurisdiction of the Secretary of Agriculture to have entertained the complaint in the first instance. *Rowse v. Platte Valley Livestock, Inc.*, 597 F. Supp. 1055 (D. Neb. 1984). Mathias' argument is that the circumstances at issue here were an isolated instance not constituting a "practice" within the meaning of 7 U.S.C. § 208(a).[1]

---

[1] The underlying facts of this case were set forth in detail in the Court's memorandum and order of May 17, 2012 (filing 19), and will not be repeated here.

The Eighth Circuit has stated that an isolated instance does not constitute a practice. *Rice v. Wilcox*, 630 F.2d 586 (8th Cir. 1980). But, the Eighth Circuit has also explained that the Packers and Stockyards Act is remedial legislation and should be liberally construed to further its life and fully effectuate its public purpose. *Id.* Thus, in *Rice*, the Court concluded that a "practice" had been established when, after a pattern of honoring drafts had been established, two drafts were dishonored. Similarly, in *Rowse*, a practice was found where the defendant paid part of the proceeds from the sale of consigned cattle to itself and other creditors of the consignor, instead of to the consignor or actual owner of the cattle.

The Court finds corresponding evidence of a practice here.[2] First, as in *Rice*, the basis for this case involved a deviation from a well-established pattern of conduct between familiar buyers and sellers. And second, this case does not involve an isolated incident—rather, it involves a course of conduct in its own right. The plaintiff alleges, and the Department of Agriculture found, that Mathias solicited two forms of payment for the same sale of cattle, then negotiated the plaintiff's check despite promising not to, then sent the plaintiff an incomplete refund. The allegations would support finding several interrelated instances of malfeasance relating to at least two different cattle sales. Given the facts, and the Court's duty to liberally construe the Act, the Court finds the allegations here sufficient to support a finding of subject-matter jurisdiction to proceed.

The next two grounds for dismissal urged by Mathias are lack of personal jurisdiction and improper venue. The Court addressed the same claims at length in its memorandum and order of May 17, 2012 (filing 19). Mathias has given the Court no reason in this pleading to reconsider its earlier conclusions, and the Court declines to do so.

Next, Mathias claims the case should be dismissed for failure to join a party. Rule 12(b)(7) permits dismissal for failure to join a party under Fed. R. Civ. P. 19, and Rule 19 requires a person to be joined as a party if in that person's absence, the Court cannot accord complete relief among existing parties. But Mathias' argument fails for one simple reason: his pleading completely fails to identify any party that he apparently believes should have been joined. As a result, there is "no showing that these unnamed individuals would be either necessary or indispensable." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 n.4 (8th Cir. 2001).

---

[2] As noted in the Court's memorandum and order of May 17, 2012 (filing 19), in enforcement actions such as these, "the findings and orders of the Secretary [of Agriculture] shall be prima facie evidence of the facts therein stated . . . ." 7 U.S.C. § 210(f).

The only apparent candidates are Herington Livestock Market and Doug Harrington, the broker whose financial malfeasance created this mess. But Herington Livestock Market *has* been made a party; it simply hasn't responded. *See* Filing 15. And Harrington is not a party because of his bankruptcy; the plaintiff has satisfied Rule 19 by so pleading. *See* Rule 19(c). There is no merit to Mathias' Rule 12(b)(7) argument.

Next, Mathias claims that the amount in dispute fails to meet the jurisdictional requirement. The Court assumes that Mathias is referring to the amount in controversy requirement of 28 U.S.C. § 1332. But that requirement only applies in cases where federal jurisdiction is founded on diversity of citizenship. This is a federal question case arising under the Packers and Stockyards Act, and § 1332 does not apply. *See*, 7 U.S.C. § 210(f); 28 U.S.C. § 1331.

Finally, Mathias asserts that the plaintiff's complaint fails to state a claim upon which relief can be granted. But he does not explain how. The plaintiff's petition for enforcement of the Department of Agriculture's order sets forth his claim, and the order of the Secretary, after which his "suit in the district court shall proceed in all respects like other civil suits for damages except that the findings and orders of the Secretary shall be prima facie evidence of the facts therein stated . . . ." § 210(f). The plaintiff has stated a claim for relief under the Packers and Stockyards Act.

Therefore, Mathias' Rule 12 motion will be denied. But the Court finds more merit to the plaintiff's motion to dismiss, directed at Mathias' "counter-claim." Mathias' purported counterclaim does not actually ask for relief. Instead, it reasserts his objections to venue and jurisdiction, denies liability, then argues that if the Court was to enter judgment in favor of the plaintiff, the plaintiff would receive a windfall and be unjustly enriched. So, Mathias "prays for judgment against Plaintiff for the amount if any that the court requires Defendant to pay to Plaintiff." Filing 25 at 6.

There are a number of problems with that. But first and foremost, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief;" see Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Rule 8(a)(3). The Eighth Circuit has said that the sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose. *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (2011). But a claim for relief must demand relief from someone, and in this case Mathias' pleading does not allege any requested relief which would satisfy the minimal requirements

of Rule 8(a)(3). *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

The fact of the matter is that Mathias is alleging a defense to the plaintiff's claim, not a counterclaim. Mathias cannot avoid the requirements of Rule 8(a) by asking for the "relief" of the plaintiff being ordered to refund a judgment in his favor. Therefore, the Court will grant the plaintiff's motion to dismiss Mathias' "counter-claim."

IT IS ORDERED:

1. The "Motion to Dismiss" contained in the "Answer of Defendant William R. Mathias" (filing 25) is denied.

2. The plaintiff's "Motion to Dismiss Counter-Claim" (filing 27) is granted.

3. Mathias' "Counter-Claim of William Mathias Against Roger Wallace" is dismissed.

Dated this 10th day of July, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge